UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARIO HANSERD,

    Plaintiff,

    v.                               CAUSE NO. 3:20-CV-477-DRL-MGG

LAPORTE COUNTY COMMUNITY
CORRECTIONS, BROWN, and
ATWATER,

    Defendants.

OPINION & ORDER

Mario Hanserd, a prisoner without a lawyer, filed a vague complaint about two events. ECF 1. The first occurred on April 23, 2020, and it is unclear how he was involved. Brandon Cline was required to undress in front of other inmates, but it is unclear whether Mr. Hanserd witnessed this event or whether he was also required to undress. Mr. Cline had just returned to the jail, but it is unclear where he had gone and whether Mr. Hanserd had also left the jail. He does not say how many other inmates were there, nor why Mr. Cline (and perhaps others) were required to undress. He does not say where at the jail this happened. He does not say what jail officials were present nor who gave the order. Critically, he does not allege how any of the named defendants were involved with this event on April 23, 2020.

The complaint also alleges Director Brown punished detainees as a group for something that one person did on May 5, 2020. It appears Mr. Hanserd was a part of the group who was punished, but it is unclear who the "one" person was and what he did.

It is also unclear how the group was punished. As presented, the complaint does not plausibly allege facts from which it can be reasonably inferred that Director Brown violated the constitution.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Hanserd may file an amended complaint if he has additional facts that he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

In addition, he needs to resolve his filing fee status either by paying the filing fee or seeking leave to proceed *in forma pauperis* with an official copy of his prisoner trust fund account statement showing every transaction for the last six months.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and a blank **AO 240 (Rev. 7/10) (INND Rev. 8/16) Prisoner Motion to Proceed In Forma Pauperis** and send them to Mario Hanserd with a copy of this order;

(2) GRANTS Mario Hanserd until **July 15, 2020**, to file an amended complaint on the complaint form sent to him; and

(3) CAUTIONS Mario Hanserd if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 15, 2020　　　　　　　　　　　　　　　*s/ Damon R. Leichty*
　　　　　　　　　　　　　　　　　　　　　Judge, United States District Court